Dear Mr. Segura:
This office is in receipt of your opinion request, which has been assigned to me for research and reply. You relate that you are currently a member of the State Board of Commerce and Industry. You inquire whether any legal prohibition exists preventing you from also serving as a member of the Board of Commissioners of the Port of Iberia.
At the outset, we note under the Dual Officeholding and Dual Employment laws of our state, both these positions are considered part-time appointive positions. The simultaneous holding of both these positions would not fall within the prohibitions contained in LSA-R.S. 42:63.
However, special legislation concerning the State Board of Commerce and Industry is controlling in this instance. The State Board of Commerce and Industry is created pursuant to statute, within the provisions of LSA-R.S. 51:923, which state:
 "A. The Department of Economic Development is hereby created and shall be advised by a board to be known as the State Board of Commerce and Industry which board shall exercise the powers delegated to it by Article VI, Section 21(F), of the Constitution of Louisiana.
 B. The board shall consist of nineteen members fifteen of whom shall be appointed by the governor from among representatives of the major economic groups within the state of Louisiana and one who shall be an elected municipal official appointed by the governor from a list of three names submitted by the Louisiana Municipal Association.
 C. In addition, the governor or his designee, the lieutenant governor or his designee, and the secretary of the Department of Economic Development shall be ex officio members of the board with full right to participate in and vote on all matters."
A specific prohibition exists against a member of the State Board of Commerce and Industry concurrently holding another public office. LSA-R.S. 51:925 provides:
 "Each appointed member of the board shall be a qualified elector of the state of Louisiana. Except as provided in R.S. 51:923(B), no appointed member shall hold public office or be otherwise employed by the state or any agency thereof." (Emphasis added).
"Public office" is defined in LSA-R.S. 42:1 as:
 "As used in this title, the term `public office' means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state." (Emphasis added).
A commissioner of the board governing the Port of Iberia, which position is statutorily created pursuant to LSA-R.S. 34:241, holds a "public office" as defined by statute. Accordingly, this office is of the opinion that the simultaneous holding of the public offices in question is prohibited by law.
Please note that with the enactment of Act 700 of 1979 (LSA-R.S.42:61, et. seq.), all older laws relating to dual-officeholding and dual employment were generally repealed. However, LSA-R.S.51:925, originally enacted by Act 403 § 1 of the 1964 Regular Legislative Session, has been revived by Act 323 § 1 of the 1989 Regular Legislative Session. This special legislation is not superseded by the general dual-officeholding law, but rather is controlling in the resolution of this matter.
Again, a member of the State Board of Commerce and Industry is prohibited by statute from holding any other public office. For this reason, it is the opinion of this office that you may not legally also serve as member of the Board of Commissioners of the Port of Iberia.
Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0205E